# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES G. KARAS, | Case No. 2:16-cv-02479-GMN-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket Nos. 12, 13, 15) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Remand for Payment of Benefits. Docket No. 12. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 13. Plaintiff filed a reply. Docket No. 14. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

In his opening brief, Plaintiff identifies as the only issue on appeal "[w]hether the ALJ properly evaluated the severity of Mr. Karas' mental and physical impairments." Docket No. 12 at 5. Plaintiff then takes a scatter-shot approach by identifying numerous errors he alleges the ALJ made, including: (1) that the ALJ improperly discredited the opinion of Dr. Jianu, Docket No. 12 at 12-13; (2) that the ALJ improperly discredited the opinion of Mr. Meister, *id.* at 13-14; (3) that the ALJ improperly evaluated Plaintiff's daily activities, *id.* at 12-13; (4) that the ALJ erred in formulating the RFC and provided an incomplete hypothetical to the vocational expert, *id.* at 7-9; (5) that the ALJ erred in not

finding Plaintiff's obesity to be a severe impairment, *id.* at 10; (6) that the ALJ improperly evaluated the severity of Plaintiff's mental impairments, *id.* at 11-15; and (7) that the ALJ erred in discounting Plaintiff's testimony, *id.* at 14-15. Elsewhere in his briefing, Plaintiff contends that the gist of his argument is actually that the ALJ improperly "cherry-picked" the record instead of reviewing it in its totality. Docket No. 14 at 3; *see also* Docket No. 12 at 5 (making similar assertion despite acknowledging that "it may appear at first blush that the ALJ's decision was based on 'substantial evidence'").[1]

The Court declines to resolve this appeal based on the intractable briefing that has been submitted. If Plaintiff believes any of the above identified "errors" constitutes grounds for remand, he must provide fully developed argument specifically as to that issue that is supported by citation to and discussion of legal authority, and citation to the record. By way of example, the current opening brief identifies as "***Clear Error***" the ALJ's treatment of Plaintiff's obesity, but the discussion consists in its entirety of a block quotation of a CFR provision and a single paragraph (devoid of citation to the record or to case law) indicating that Plaintiff is obese and stating in general terms that the ALJ failed to properly account for that obesity. Docket No. 12 at 10 (emphasis in original). Such cursory briefing is obviously insufficient to establish reversible error.[2] Similarly, Plaintiff argues that an overarching "cherry picking" occurred such that remand is required, without providing meaningfully developed argument on that issue, including citation and discussion of legal authority addressing the standards by which the Court should analyze whether an ALJ erred by adopting what admittedly appears to be substantial evidence rather than other evidence more favorable to the plaintiff.

---

[1] As noted below, some of the evidence now relied upon by Plaintiff was submitted to the Appeals Council *after* the ALJ rendered his decision, which complicates Plaintiff's argument that the ALJ improperly cherry-picked the evidence.

[2] Sub-arguments presented in support of each ground for remand must themselves be meaningfully developed and supported by citation. By way of example, Plaintiff contends that the ALJ erred in his treatment of Mr. Meister's opinions because, *inter alia*, Mr. Meister was supervised by Mr. Waters. *See* Docket No. 12 at 13-14. No legal authority or meaningfully developed argument is provided that an ALJ must account for a supervisor's credentials in evaluating the inferior's opinions.

Complicating matters further, Plaintiff's arguments are predicated in significant part on medical evidence that was never submitted to the ALJ, but was instead submitted to the Appeals Council. Most noticeably, Plaintiff relies extensively on a questionnaire signed by Dr. Jianu on June 5, 2015, that was submitted to the Appeals Council on June 11, 2015. *See* A.R. 937-43; *but see* A.R. 27-52 (ALJ decision, dated March 4, 2015).[3] Plaintiff also relies on a medical record from the Southern Nevada Adult Mental Health Services that was not submitted to the ALJ. *See* Docket No. 12 at 12; *see also* A.R. 896, 920 (letter dated July 20, 2015, submitting cited medical record to the Appeals Council).[4] Plaintiff does not acknowledge that such information was never presented to the ALJ and, confusingly, asserts that "this Court's review is limited to *the record before the ALJ*." *See* Docket No. 14 at 4 n.1 (emphasis added). Plaintiff provides no legal authority indicating that the Court is permitted to review such information and the standards that would apply in such circumstance. To the extent Plaintiff believes medical records submitted to the Appeals Council warrant remand, he must acknowledge that they were submitted to the Appeals Council after the ALJ's adverse decision was rendered, provide a legal basis through which those records can be considered on appeal, identify the applicable standards for doing so, and explain how those standards have been met in this case.[5]

For the reasons discussed above, Plaintiff's motion for reversal or remand is **DENIED** without prejudice, Defendant's counter-motion to affirm is **DENIED** without prejudice, and Plaintiff's motion

---

[3] There are two questionnaires signed by Dr. Jianu: (1) a questionnaire dated September 8, 2014, that was submitted to the ALJ and discounted, A.R. 805-09; and (2) the questionnaire discussed above dated June 5, 2015, that was submitted to the Appeals Council. Plaintiff conflates the two questionnaires. *See, e.g.*, Docket No. 14 at 5 (arguing that the ALJ erred in finding Dr. Jianu's questionnaire was partially filled out by Plaintiff himself, but then referencing the second questionnaire that was not before the ALJ). The Commissioner also at times conflates the two questionnaires. *See* Docket No. 13 at 12 (purporting to discuss reasons the ALJ rejected questionnaire of June 2015, even though the ALJ's decision predates that questionnaire).

[4] This is not meant to be an exhaustive list of the medical record that is relied upon by Plaintiff but that was not submitted to the ALJ.

[5] In reply, Plaintiff's counsel acknowledges that Plaintiff's current medical condition is not relevant to this appeal, but then proceeds to detail his recent health issues. Docket No. 14 at 4 n.1, 13. If Plaintiff's current medical condition is not relevant to this appeal, it should not be included in briefing the appeal.

for a hearing is **DENIED** as moot. Plaintiff shall file an amended motion for remand within 30 days of this order. As the movant, Plaintiff bears the burden of presenting a motion providing clear argument supported by citation. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, __ F.R.D. ___, 2017 WL 1181572, at *5 (D. Nev. Mar. 29, 2017).[6] Plaintiff's renewed motion must be organized and must clearly articulate with particularity each ground on which Plaintiff contends remand is appropriate. With respect to each such ground, the brief must (1) identify the relevant standards, (2) explain with particularity (supported by citation to the record) the factual basis for the argument,[7] and (3) provide meaningful discussion (supported by citation to legal authority) as to why relief should be granted. The Commissioner's counter-motion to affirm shall be filed 30 days after service of the renewed motion, and any reply shall be filed within 20 days of service of the counter-motion.

IT IS SO ORDERED.

DATED: September 11, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[6] When a party employs a "spaghetti approach" of "heav[ing] the entire contents of a pot against the wall in hopes that something will stick," courts are not required to "sort through the noodles" in search of the party's arguments. *See, e.g.*, *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). As a courtesy to Plaintiff himself and in an effort to enable meaningful judicial review of his claims, the Court is exercising its discretion to permit the refiling of Plaintiff's motion. Of course, the Court is not required to do so, and the Court will only address those arguments that are <u>meaningfully developed</u> in any renewed motion. *See id.* 929-30; *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Plaintiff's counsel must ensure that his motion includes arguments that are clear, supported by legal and factual citation, and meaningfully developed. Plaintiff's counsel shall also ensure that all arguments presented have a reasonable factual and legal basis. *See, e.g.*, Fed. R. Civ. P. 11.

[7] The current brief in several instances quotes from the record without citation. *See, e.g.*, Docket No. 12 at 8 (block quoting to "Hearing on September 12, 2014" without identification of the relevant page(s) in the record).